UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERICO PAZ,<br><br>              Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO, C.C. DET. SGT. TOM EVANS, C.C. DET. SGT. SANTOS GARZA JR., JUDGE DENNIS E. GOFF, FORMER SHERIFF GEORGE NOURSE, and FORMER C.C. DEPUTY JOSE RODRIGUEZ,<br><br>              Defendants. | Case No. 1:21-cv-00210-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Pending before the Court is Plaintiff Federico Paz's civil rights action, in which he has filed various pleadings. Dkts. 1, 8, 14. The Court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof that states frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the filings in this case, the Court has determined that it will dismiss Plaintiff's entire case with prejudice for the reasons that follow.

### REVIEW OF AMENDED COMPLAINT

As a preliminary matter of housekeeping, the Court notes Plaintiff mistakenly

designated the Amended Complaint he filed in Case No. 1:21-cv-00201-DCN to also be filed in this action. Dkt. 14. The same pleading cannot be pursued in two different actions. Therefore, the Court has reviewed that Amended Complaint in that action, and will review Plaintiff's previously-filed Amended Complaint (Dkt . 8) in this action.

1. **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2. **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation

marks omitted).

The Ninth Circuit has determined that a case or claim "is frivolous if it is of little weight or importance: having no basis in law or fact." *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal citations and punctuation omitted). That includes allegations that have no basis in law or fact and can be described as "fanciful," "fantastic," or "delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

A complaint should not be dismissed without leave to amend unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3. **Factual Background**

Important to the background of Plaintiff's allegations here are the facts underlying Plaintiff's criminal conviction for which he remains incarcerated. Reviewing the outcome of Plaintiff's jury trial on appeal in his criminal case, the Idaho Supreme Court recounted the facts as follows:

> On August 29, 1987, Federico Paz encountered Gerry Bright (the victim) and two of his companions, Randall Gould and Larry Page, in a restaurant.

> Events led to a verbal exchange between Bright and Paz. Bright then continued eating at a table in the restaurant with his companions.
>
> After finishing his breakfast, Paz left the restaurant, secured a semi-automatic weapon from his friend's motor vehicle, sent his friend away so he would not be implicated, and some minutes later returned to the restaurant. Paz approached the table where Bright, Gould and Page were seated, concealing the weapon as he approached.
>
> At close range, Paz opened fire with the weapon, killing Bright and seriously wounding Gould and Page. After emptying the weapon, Paz attempted to flee, but was stopped and disarmed by the wounded Gould.
>
> Paz was taken into custody and subsequently charged with first degree murder.

*State v. Paz*, 798 P.2d 1, 7 (1990*), overruled on other grounds by State v. Card*, 825 P.2d 1081 (1991).

Plaintiff was convicted of first degree murder and sentenced to death. He has filed seven federal habeas corpus petitions in federal court. Plaintiff's first petition, in Case No. 93-cv-00132-WFN, was dismissed with prejudice after the parties entered into a stipulation disposing of all claims and agreeing that Plaintiff would be resentenced from death to a life sentence. *See* Exhibit A to Order in Case No. 02-cv-00312-MHW, Dkt. 10.

In this action, Plaintiff alleges:

> Judge Dennis E. Goff was in the kitchen on August 29th of 1987 when the incident took place that led to my consequent arrest. DA Richard Harris was behind me as I sat in the first table of the third row. George Nourse and Santos Garza Jr., were naked running around the dining room and twice came to my left and Santos said, "We are the people in the restaurant." Both Santos and George were armed. There was no blood or

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

> bullet casing anywhere on the floor. The gun was a .25 cal. Handgun that had blanks. The doctor who testified said he took two slugs out of the heart and yet had four half inch thick and bent at one half of an inch and three inchs long that appear to be .410 sluggs of a shot gun that no one examine nor question the doctor.
>
> Tom Evans was the one who shot people at his grandfather's fields along Hyw 30 and Hwy 44 because the Mexican's release excrement outside who were working in his Grandfather Kruger's farm who up to 1990 contracted with Crookham Co. and Jose Rodriguez saw Tom kill people yet Jose befriended Tom. The killings were mostly in 1965-68. George Nourse gave Tom Evans a gun in the Spring of 1985 that he said he was to kill me with. Tom even carried the gun at work as we both worked for Crookham Co. Tom came to Id. St. Corr. Inst. in the Spring of 1988 with a shot-gun want to kill me inside the cell as he stood on the tier, C-Tier of Bldg. #8 on a weekend.

Dkt. 8, p. 4 (verbatim).

4. **Discussion**

A comparison of the facts from Plaintiff's criminal case with those alleged in the civil rights complaint in this action show that Plaintiff has mixed fact and delusion. The law enforcement officers (allegedly unclothed) and judicial officers were not present when Plaintiff shot the victims in 1987, but each played a role in his criminal investigation and court case. Plaintiff specifically requests consequential damages in the sum of $800,000 and punitive damages in the same amount from each Defendant. The Court concludes that the allegations of the Complaint are frivolous, fanciful, and delusional. They closely resemble the facts Plaintiff alleged in one of his successive habeas corpus petition actions, Case No. 1:20-cv-00013-BLW, where Plaintiff asserted:

> At the restaurant was DA Richard Harris, former sheriff

> George Nourse, armed and naked along with Santos Garza who was armed and naked saying "we are the people in the restaurant." Also, Judge Dennis Goff who was in the kitchen.
>
> While I was at the stand Santos Garza and Mando Garcia were both naked and threatening to make sure I didn't say nothing about Dee Nourse.
>
> George Nourse, who used to be sheriff, was at the doorway naked hitting my mother-of-God Delfina Rodriguez, with the butt of his gun on the head, of the court room then came in and leaned against the west wall.
>
> \* \* \*
>
> The doctor who testify prejudice the mind of the jury by lying that he took slug out of victim and he had no shotgun slugs and he had four two inch long slugs, nothing like a .25 cal.

Dkt. 2, pp. 2-5 in that case (verbatim).

Here, it is clear that Plaintiff can do nothing to cure the deficiencies of the Complaint because of the frivolous nature of the allegations. Therefore, leave to amend will not be granted. This entire lawsuit will be dismissed on the basis of frivolousness.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's (second) Amended Complaint (Dkt. 14) and second Application to Proceed in Forma Pauperis (Dkt. 9) are STRICKEN as an unauthorized duplications of the Amended Complaint and Application filed in his other pending civil rights case.

2. Plaintiff's Amended Complaint (Dkt. 8) and this entire action are DISMISSED with prejudice on the grounds of frivolousness.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

3. Plaintiff's pending motions regarding service, filing of papers, and consolidation of actions (Dkts. 5, 11, 12, 13) are DENIED as MOOT.

4. Plaintiff Federico Paz is issued a strike under 28 U.S.C. § 1915(g) for filing a complaint containing claims that are frivolous.

5. Plaintiff shall file nothing further, and the Clerk of Court shall accept nothing further for filing from Plaintiff, in this closed case, with the exception of a notice of appeal. Plaintiff is advised that any attempted filings will not be filed and not be returned to him.

DATED: September 1, 2021

David C. Nye
Chief U.S. District Court Judge